THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEPHANIE SUZANNE VANDUKER,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL**<br><br>Case No. 4:21-cv-00114-DN<br><br>District Judge David Nuffer |

    Movant Stephanie Suzanne Vanduker filed a motion challenging her conviction and sentence under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] However, on the face of the § 2255 Motion it appeared that is was over one year after the date her judgment of conviction became final. An order entered requiring Ms. Vanduker to show cause as to why her § 2255 Motion should not be dismissed as untimely under § 2255's one-year limitations period ("Order to Show Cause").[2] Ms. Vanduker responded to the Order to Show Cause asserting that lockdowns by the Bureau of Prisons inhibited her ability to access the prison law library, to obtain court addresses for filing the § 2255 Motion, and to have her legal mail prepared and timely sent out.[3]

    Because Ms. Vanduker fails to establish a basis that would allow the filing of her § 2255 Motion to be timely, her § 2255 Motion is DENIED and DISMISSED. A certificate of

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed Nov. 22, 2021.

[2] Order to Show Cause Re: Dismissal as Untimely ("Order to Show Cause"), docket no. 2, filed Dec. 1, 2021.

[3] Response to Order to Show Cause, docket no. 5, filed Jan. 10, 2022; Amended Response to Order to Show Cause, docket no. 6, filed Jan. 13, 2022 (collectively, "Responses").

appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is also DENIED.

## DISCUSSION

Section 2255 permits a federal prisoner to challenge their conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[4] And "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[5]

Upon review of Ms. Vanduker's § 2255 Motion and the record of her underlying criminal action, Ms. Vanduker is clearly entitled to no relief. Section 2255 has "[a] 1-year period of limitation" upon which a federal prisoner must file a motion seeking relief from their conviction or sentence.[6] The limitation period runs from the later of:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4] 28 U.S.C. § 2255(a).

[5] *Id*. § 2255(b).

[6] *Id*. § 2255(f).

2

   3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

Ms. Vanduker does not assert that governmental action in violation of the Constitution or law of the United States prevented her from timely filing the § 2255 Motion. The § 2255 Motion is based on ineffective assistance of counsel,[8] not a newly recognized right by the Supreme Court. And the facts supporting Ms. Vanduker's claim for relief were known to her at the time of her sentencing, February 12, 2020, or shortly thereafter.[9] Therefore, the one-year limitations period for Ms. Vanduker's § 2255 Motion began to run on the date her judgment of conviction became final.

Ms. Vanduker was sentenced on February 12, 2020.[10] Judgment was entered on February 13, 2020.[11] Ms. Vanduker filed a direct appeal to the Tenth Circuit Court of Appeals on February 19, 2020.[12] The Tenth Circuit enter its Order and Judgment dismissing Ms. Vanduker's appeal on July 14, 2020.[13] The Tenth Circuit's mandate entered on August 5, 2020.[14] And Ms. Vanduker did not file a petition for certiorari with the United States Supreme Court.

---

[7] *Id*.

[8] § 2255 Motion at 4-9.

[9] *Id*.

[10] Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 27 in *United States v. Vanduker*, 4:19-cr-00079-DN (D. Utah) ("Criminal Case"), Feb. 12, 2020.

[11] Judgment in a Criminal Case, docket no. 29 in Criminal Case, filed Feb. 13, 2020. The judgment was later amended on February 20, 2020. Amended Judgment in a Criminal Case, docket no. 34 in Criminal Case, filed Feb. 20, 2020

[12] Notice of Appeal, docket no. 31 in Criminal Case, filed Feb. 19, 2020.

[13] Order and Judgment, docket no. 44 in Criminal Case, filed Aug. 5, 2020.

[14] Mandate Cover Letter, docket no. 44-1 in Criminal Case, filed Aug. 5, 2020.

"[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."[15] Under Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment."[16]

Calculating 90 days from the entry of the Tenth Circuit's July 14, 2020 Order and Judgment, Ms. Vanduker's judgment of conviction became final on October 12, 2020. Ms. Vanduker filed her § 2255 Motion over one year later on November 22, 2021. Therefore, Ms. Vanduker's § 2255 Motion is untimely, and her claim is barred by § 2255's one-year limitation period.

The Tenth Circuit has recognized that "[e]quitable tolling of [§ 2255's one-year] limitations period is available when an inmate diligently pursues [their] claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond [their] control."[17] Examples of when equitable tolling would be appropriate include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[18] But the movant must still demonstrate

---

[15] *Clay v. United States*, 537 U.S. 522, 532 (2003).

[16] S.Ct. R. 13-1. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Id*. at 13-3.

[17] *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (internal quotations omitted).

[18] *Id*. (internal quotations omitted).

that they "diligently pursue[d their] federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling."[19]

Ms. Vanduker's purportedly signed her § 2255 Motion on October 1, 2020.[20] A letter from Ms. Vanduker's father, dated November 3, 2021, was also attached to the § 2255 Motion.[21] From context, the letter appears to indicate that Ms. Vanduker erroneously attempted to file her § 2255 Motion in Utah state court "in 2020" and again sometime in or after "Sept[ember] 2021]" based on an attorney giving her the wrong address.[22] The letter also indicates that Ms. Vanduker does not have access to a law library and has been on lock down 23 hours each day.[23] However, the letter provides very few details concerning these matters. Neither the date of Ms. Vanduker's signature on the § 2255 Motion nor the letter from Ms. Vanduker's father is sufficient to demonstrate that Ms. Vanduker diligently pursued her claim or that her failure to timely file the § 2255 Motion was caused by extraordinary circumstances beyond her control.[24]

In her Responses to the Order to Show Cause, Ms. Vanduker does not assert that she unsuccessfully attempted to file the § 2255 Motion earlier than its November 22, 2021 filing date or that she was given a wrong address by an attorney. Ms. Vanduker asserts only that Bureau of Prisons lockdowns due to the COVID-19 pandemic limited her access to the prison law library, her ability to obtain court addresses, and her ability to have her legal mail prepared and timely sent out.[25]

---

[19] *Id*. (internal quotations omitted).

[20] § 2255 Motion at 17.

[21] Letter, docket no. 1-1, filed Nov. 22, 2021

[22] *Id*.

[23] *Id*.

[24] *Gabaldon*, 522 F.3d at 1124.

[25] Response at 1.

Ms. Vanduker's limited access to a prison law library during lockdowns by the Bureau of Prisons is not sufficient to support equitable tolling of § 2255's one-year limitations period.[26] Ms. Vanduker also provides no facts to support a finding that she has diligently pursued relief. She does not assert that she attempted to access the prison law library at available times during the Bureau of Prisons lockdowns. Nor does she assert that she sought materials and information necessary for filing her § 2255 Motion during the lockdowns. Ms. Vanduker's Responses also indicate that all lockdown restrictions were lifted by the Bureau of Prisons in May 2021,[27] approximately five months prior to her October 12, 2021 deadline for filing the § 2255 Motion. Ms. Vanduker provides no facts discussing her efforts to timely file the § 2255 Motion or why she could not have the § 2255 Motion could not have been prepared and timely filed after the lockdown restrictions were lifted.

On this record, Ms. Vanduker fails to establish that extraordinary circumstances beyond her control prevented her from timely filing the § 2255 Motion. And Ms. Vanduker fails to establish that she diligently pursued her claims. Therefore, because Ms. Vanduker failed to timely file her § 2255 Motion within one year after the date her judgment of conviction became final, the § 2255 Motion is untimely, and her claim is barred.[28]

---

[26] *Gabaldon*, 522 F.3d at 1124.

[27] Responses at 1.

[28] 28 U.S.C. § 2255(f).

## ORDER

IT IS HEREBY ORDERED that Ms. Vanduker's § 2255 Motion[29] is DENIED and DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is DENIED.

Signed January 26, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[29] Docket no. 1, filed Nov. 22, 2021.