THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEPHANIE SUZANNE VANDUKER,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Case No. 4:21-cv-00114-DN<br><br>Senior District Judge David Nuffer |

Movant Stephanie Suzanne Vanduker challenges her conviction and sentence under 28 U.S.C. § 2255 ("§ 2255 Motion").[1] Ms. Vanduker claims that her trial counsel was constitutionally ineffective by failing to adequately communicate with her; by failing to adequately advise her regarding the legal process and her plea agreement; and by failing to adequately prepare and advocate for her at sentencing.[2]

The allegations in Ms. Vanduker's § 2255 Motion are unsupported and plainly contrary to the record in her underlying criminal case. The briefing on Ms. Vanduker's § 2255 Motion, the attached exhibits and evidence, and the record of the underlying criminal case conclusively demonstrate that Ms. Vanduker cannot establish that her trial counsel's performance was constitutionally ineffective. Therefore, an evidentiary hearing is unnecessary and Ms. Vanduker's § 2255 Motion[3] is DENIED and DISMISSED with prejudice. A certificate of

---

[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), docket no. 1, filed Nov. 22, 2021.

[2] *Id*. at 4-9.

[3] Docket no. 1, filed Nov. 22, 2021

appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is also DENIED.

## BACKGROUND

On August 27, 2019, a law enforcement officer initiated a traffic stop on a rental vehicle that Ms. Vanduker was driving.[4] A subsequent search of the vehicle revealed approximately 41 pounds (~18 kilograms) of methamphetamine, as well as marijuana and a marijuana pipe.[5] After being informed of her Miranda rights, Ms. Vanduker admitted to officers that she was being paid to transport narcotics from California to Nebraska, and that the payment would be split with the vehicle's male passenger.[6] Ms. Vanduker also admitted to being a regular marijuana user and to using marijuana in the vehicle.[7]

Ms. Vanduker was later indicted on one count of Possession of Methamphetamine with Intent to Distribute in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable under 21 U.S.C. § 841(b)(1)(A).[8] At Ms. Vanduker's initial appearance, on September 16, 2019, her counsel made a formal request for discovery.[9] And the government certified that it twice provided discovery to Ms. Vanduker's counsel, which included police reports; photographs; interviews; and the body cam and dash cam videos from the traffic stop.[10]

---

[4] Presentence Investigation Report ("PSR") ¶ 9 at 3, ECF no. 25 in *United States v. Vanduker*, No. 4:19-cr-00079-DN (D. Utah) ("Criminal Case"), filed under seal Jan. 8, 2020.

[5] *Id*. ¶ 18 at 5-6.

[6] *Id*. ¶ 20 at 6.

[7] *Id*. ¶ 19 at 6.

[8] ECF no. 1 in Criminal Case, filed Sept. 12, 2019.

[9] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler ("Initial Appearance"), ECF no. 6, in Criminal Case, filed Sept. 16, 2019.

[10] Initial Notification of Compliance and Request for Reciprocal Discovery, ECF no. 12 in Criminal Case, filed Sept. 18, 2019; Second Notification of Compliance and Request for Reciprocal Discovery, ECF no. 13 in Criminal Case, filed Sept. 18, 2019.

On October 28, 2019, Ms. Vanduker pleaded guilty to the charge and admitted that she knowingly possessed with intent to distribute approximately 18 kilograms of methamphetamine.[11] At her change of plea hearing, Magistrate Judge Paul Kohler reminded Ms. Vanduker of her rights, and she agreed to waive those rights by pleading guilty.[12] Ms. Vanduker's counsel affirmatively represented that he had reviewed the plea agreement "word for word" with Ms. Vanduker.[13] And Ms. Vanduker affirmatively represented that she had discussed the process and plea agreement with her counsel; that she had no trouble understanding the process or the plea agreement; and that she had sufficient time to discuss the case with counsel and was satisfied with counsel's representation.[14]

The potential penalties for the charge were then discussed, and Ms. Vanduker affirmatively represented that she had discussed those penalties with her counsel and understood them.[15] Ms. Vanduker also affirmatively represented that she understood the sentencing judge would not be bound by any recommendations of counsel in determining her sentence.[16] Magistrate Judge Kohler then summarized the plea agreement, including the factual statement supporting the agreement, and Ms. Vanduker agreed the summary was accurate to her

---

[11] Minute Entry for Proceedings Held Before Magistrate Judge Paul Kohler ("Change of Plea Hearing"), ECF no. 17 in Criminal Case, filed Oct. 28, 2019; Change of Plea Hearing Tr. at 10:1-11:1, ECF no. 40 in Criminal Case, filed Apr. 10, 2020; Statement by Defendant in Advance of Plea of Guilty and Plea Agreement ("Plea Agreement") ¶ 11 at 3, ECF no. 20 in Criminal Case, filed Oct. 28, 2019.

[12] Change of Plea Hearing Tr. at 4:15-6:4.

[13] *Id*. at 6:19-21.

[14] *Id*. at 6:15-18, 7:4-12, 8:2-12, 10:1-15.

[15] *Id*. at 7:13-8:1.

[16] *Id*. at 9:11-22.

understanding.[17] The affirmative representations Ms. Vanduker made during her change of plea hearing also appear in the plea agreement which she signed.[18]

On February 12, 2020, Ms. Vanduker was sentenced to a prison term of 96 months and a 36-month term of supervised release.[19] At the sentencing hearing, Ms. Vanduker's counsel made argument regarding Ms. Vanduker's minimal role and participation in the methamphetamine's intended distribution, her limited criminal history, and her acceptance of responsibility and efforts to cooperate.[20] Counsel also discussed Ms. Vanduker's relationship with the male passenger of the rental vehicle Ms. Vanduker was driving, and his role in the offense.[21] Letters in support of Ms. Vanduker from family and friends were submitted in advance of the sentencing hearing,[22] and were considered at the sentencing hearing.[23] Ms. Vanduker also submitted a written statement for consideration.[24]

Ms. Vanduker's counsel requested a 60-month sentence,[25] which was well below Ms. Vanduker's 121 to 151 months guideline range and the 10-year minimum mandatory sentence for the charge.[26] However, the requested 60-month sentence depended on reductions that could not apply due to circumstances beyond counsel and Ms. Vanduker's control.[27] Ms. Vanduker

---

[17] *Id*. at 8:22-9:10, 10:1-15.

[18] Plea Agreement.

[19] Minute Entry for Proceedings Held Before Judge David Nuffer ("Sentencing Hearing"), ECF no. 27 in Criminal Case, filed Feb. 12, 2020; Sentencing Hearing Tr. at 14:16-23, ECF no. 36 in Criminal Case, filed Feb. 27, 2020; Amended Judgment in a Criminal Case ("Judgment") at 2-3, ECF no. 34 in Criminal Case, filed Feb. 20, 2020.

[20] Sentencing Hearing Tr. at 8:24-9:19.

[21] *Id*. at 11:9-11:23.

[22] Letter Exhibits, ECF no. 26 and ECF no. 26-1 in Criminal Case, filed Jan. 28, 2020.

[23] Sentencing Hearing Tr. at 3:4-10.

[24] *Id*. at 12:1-22; Letter from Defendant re: Sentencing, ECF no. 28 in Criminal Case, filed under seal Feb. 12, 2020.

[25] Sentencing Hearing Tr. at 9:20-22, 10:15-20.

[26] *Id*. at 3:17-20; PSR ¶¶ 64-65 at 11-12.

[27] Sentencing Hearing Tr. at 14:2-15.

was sentenced to a 96-month prison term, which reflected a two-level reduction from her guideline range and a downward variance.[28] The sentence was also under the 10-year minimum mandatory sentence for the charge based on Ms. Vanduker's qualification for the safety valve.[29]

Ms. VanDuker appealed her sentence on February 19, 2020.[30] However, the appeal was dismissed based on Ms. Vanduker's concession that the appeal waiver within her plea agreement was enforceable.[31]

Thereafter, on November 22, 2021, Ms. Vanduker filed her § 2255 Motion. Ms. Vanduker claims that her trial counsel was constitutionally ineffective by failing to adequately communicate with her; by failing to adequately advise her regarding the legal process and her plea agreement; and by failing to adequately prepare and advocate for her at sentencing.[32]

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner make seek to "vacate, set aside[,] or correct" the prisoner's sentence if that sentence "was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[33] For all motions brought under § 2255, a hearing must be held, "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[34]

---

[28] *Id*. at 14:16-19.

[29] *Id*. at 14:19-21.

[30] Notice of Appeal, ECF no. 31 in Criminal Case, filed Feb. 19, 2020.

[31] Order and Judgment at 2, No. 20-4021 (10th Cir.), ECF no. 44 in Criminal Case, filed Aug. 5, 2020; Plea Agreement ¶ 8 at 3, ¶ 12.f. at 4-5.

[32] § 2255 Motion at 4-9.

[33] 28 U.S.C § 2255(a).

[34] *Id*. § 2255(b).

Ms. Vanduker claims she is entitled to relief under § 2255 because her trial counsel was constitutionally ineffective.[35] A movant "raising an ineffective assistance of counsel claim carries a 'heavy burden.'"[36] To establish ineffective assistance of counsel, a movant must show (1) that counsel's performance was constitutionally deficient, and (2) that counsel's deficient performance was so seriously prejudicial that it prevented a fair trial, or in the absence of such deficient performance, a more favorable result would have occurred.[37]

The first prong is established "by showing that the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases."[38] However, the review of the attorney's performance is highly deferential:

> [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[39]

The second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[40]

Ms. Vanduker's allegations of ineffective assistance of counsel are not supported by evidence and are plainly contrary to the record in her underlying criminal case. The briefing on Ms. Vanduker's § 2255 Motion, attached exhibits and evidence, and the record of the underlying criminal case conclusively demonstrate that Ms. Vanduker cannot establish that her counsel's

---

[35] § 2255 Motion at 4.

[36] *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002).

[37] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[38] *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996).

[39] *Id*. (quoting *Strickland*, 466 U.S. at 689).

[40] *Id*. at 417-18.

performance was constitutionally deficient or prejudicial. Therefore, the merits of Ms. Vanduker's claims may be addressed without an evidentiary hearing.

Ms. Vanduker's allegations of ineffective assistance of counsel include:

- failure to adequately communicate with her, including failing to answer her questions, to provide adequate means of contact, and to inform her of changed court dates;

- failure to adequately advise her regarding the legal process and her plea agreement, including failing to prepare her for the discussion at her change of plea and sentencing hearings and to inform her of the possible sentence; and

- failure to adequately prepare and advocate for her at sentencing, including arguing incorrect facts and failing to review the PSR with her, to obtain letters from family and friends in support of her, to argue mitigating factors, and to file a motion seeking to reduce her sentence.[41]

Ms. Vanduker does not allege that counsel gave her legally inaccurate advice. Rather, she generally alleges that had her counsel adequately advised her of the process and her possible sentence, she would not have agreed to plead guilty.[42]

The record of Ms. Vanduker's underlying criminal case plainly shows that her counsel was not constitutionally ineffective by these alleged failings. Ms. Vanduker's allegations that her counsel did not adequately communicate with her and that she was not adequately advised of the legal process and her plea agreement are directly contradicted by the thorough discussion of the process and plea agreement by Magistrate Judge Kohler at the change of plea hearing. These allegations are also directly contradicted by the affirmative representations Ms. Vanduker made at the change of plea hearing and in her plea agreement. Specifically, Ms. Vanduker had a detailed discussion with Magistrate Judge Kohler regarding her rights and the effect on those

---

[41] § 2255 Motion at 4-9.

[42] *Id*. at 5.

rights of pleading guilty.[43] Magistrate Judge Kohler also gave a detailed summary of the contents of the plea agreement, and led a detailed discussion of the potential penalties Ms. Vanduker faced.[44] Ms. Vanduker affirmed that she had communicated with counsel regarding the case and the plea agreement, and that she was satisfied with counsel's representation.[45] She also affirmed that she understood her rights, the contents of her plea agreement, and the consequences of pleading guilty including her potential sentence.[46]

Ms. Vanduker's allegations that her counsel did not adequately prepare and advocate for her at sentencing are also directly contradicted by the clear record of Ms. Vanduker's sentencing hearing. Counsel adequately addressed the facts of the case.[47] He obtained letters from Ms. Vanduker's family and friends for the sentencing judge's consideration.[48] He raised multiple mitigating factors including Ms. Vanduker's minor role in the offense; the involvement of the vehicle's male passenger; and Ms. Vanduker's criminal history, her acceptance of responsibility, and her attempts at cooperation.[49] And counsel argued factors for a reduced sentence that took into account these mitigating factors.[50]

Based on the clear record of her underlying criminal case, Ms. Vanduker cannot establish that her counsel was constitutionally deficient in failing to adequately communicate with her, failing adequately advised her of the legal process and her plea agreement, or failing to

---

[43] Change of Plea Hearing Tr. at 4:15-6:4.

[44] *Id*. at 7:13-8:1, 8:22-9:22, 10:1-15.

[45] *Id*. at 6:15-18, 7:4-8:12, 10:1-15.

[46] *Id*.; Plea Agreement.

[47] Sentencing Hearing Tr. at 8:24-9:19, 11:9-11:23.

[48] *Id*. at 3:4-10; Letter Exhibits.

[49] Sentencing Hearing Tr. at 8:24-9:19, 11:9-11:23.

[50] *Id*. at 9:20-22, 10:15-20.

adequately prepare and advocate for her at sentencing. Nor can Ms. Vanduker establish that any such alleged deficiency resulted in prejudice to her.

Ms. Vanduker may be dissatisfied with the amount of time she spent with counsel during the litigation. But "counsel does not enjoy the benefit of unlimited time and resources."[51] "[T]he Sixth Amendment does not guarantee [a defendant] the right to an attorney who is constantly at his beck and call, and who will come see [the defendant] at the jail to talk about [the] case any time [the defendant] wishes."[52] Ms. Vanduker may also be dissatisfied that she did not receive certain sentence reductions that were argued for by her counsel. But Ms. Vanduker's regret over pleading guilty after receiving her sentence does not render her counsel's assistance constitutionally ineffective. And Ms. Vanduker cannot manufacture ineffective assistance of counsel through self-serving allegations that are directly contradicted by the clear record of her underlying criminal case.

That record demonstrates that Ms. Vanduker, with full knowledge and understanding of the facts and legal issues and her rights and options, voluntarily chose to enter the plea agreement and plead guilty. She was not misled regarding the process or into believing she would receive a shorter sentence. At sentencing, her counsel effectively advocated for her. And the prison sentence she received was below her guideline range and the 10-year minimum mandatory for the offense,[53] and was consistent with the recommended sentence within her plea agreement.[54] Because Ms. Vanduker cannot establish that her counsel's performance was

---

[51] *Chandler v. United States*, 218 F.3d 1305, 1314 n.14 (11th Cir. 2000).

[52] *United States v. Graves*, No. 06-0178-WS-B, 2007 WL 3232178, *6 (S.D. Ala. Oct. 30, 2007).

[53] Sentencing Hearing; Sentencing Hearing Tr. at 3:17-20, 14:16-19; Judgment at 2-3; PSR ¶¶ 64-65 at 11-12.

[54] Plea Agreement ¶ 12.c.-e. at 4.

constitutionally deficient, or that she suffered prejudice as a result of any alleged deficiency, Ms. Vanduker is plainly not entitled to relief under § 2255 relief for ineffective assistance of counsel.

## ORDER

IT IS HEREBY ORDERED that Ms. Vanduker's § 2255 Motion[55] is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings is DENIED.

The Clerk is directed to close the case.

Signed September 19, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[55] Docket no. 1, filed Nov. 22, 2021.